UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS B. FOSTER<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TULARE COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-01596-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTIONS TO DISMISS BE GRANTED, AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE DENIED AS MOOT<br><br>(ECF Nos. 35, 36, 37) |

Plaintiff Jonas B. Foster is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Defendants' motions to dismiss the action. (ECF Nos. 35, 36.)

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding on Plaintiff's deliberate indifference claim against Defendants Doctor Alla Liberstein and the Tulare County Sheriff's Department.

On May 24, 2021, the Tulare County Sheriff's Department filed an answer to the complaint. (ECF No. 24.) On this same date, Doctor Alla Liberstein field a separate answer to the complaint. (ECF No. 25.)

On May 25, 2021, the Court issued the discovery and scheduling order. (ECF No. 26.)

As previously stated, on March 3, 2022, Defendant Tulare County Sheriff's Department filed a motion to dismiss. (ECF No. 35.) On March 4, 2022, Defendant Alla Liberstein filed a motion to dismiss the action. (ECF No. 36.) Plaintiff has not filed an opposition to either motion and the time to do so has now passed.

On April 4, 2022, Defendant Tulare County Sheriff's Department filed a motion for summary judgment on the merits of Plaintiff's claims. (ECF No. 37.) Although the time for Plaintiff to file a response has not yet expired, the Court deems the motion submitted as it should be denied as rendered moot.

## II.

## LEGAL STANDARDS

This court's Local Rules require litigants to keep the court apprised of their current address and permits dismissal when the litigant fails to comply. Specifically:

> "[a] party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Local Rule 183(b); see also Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address." Precedent supports a dismissal of a case when a litigant fails to keep the court appraised on his address. Carey v. King, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after *pro se* plaintiff did not comply with local rule requiring *pro se* plaintiffs keep court apprised of addresses at all times); Hanley v. Opinski, Case No. 1:16-cv-391-DAD-SAB, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and failure to provide court with current address).

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. See Fed. R. Civ. P. 41(b); Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b)

*sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court. Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); but see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## III.

## DISCUSSION

Having considered all of the above-mentioned factors, the Court concludes that dismissal of the case is warranted. Plaintiff's last correspondence with the Court was on August 20, 2021, when he filed motion for an extension of time. (ECF No. 31.)  Since that time, all correspondence to Plaintiff has been returned by the United States Postal Office as "undeliverable" with a notation that Plaintiff has been "paroled."  On August 25, 2021, Defendant Tulare County Sheriff's Department wrote Plaintiff upon learning that he was released from prison and asked that he keep counsel and the Court apprised of his current mailing address.[1]  (ECF No. 35-2, Declaration of Amanda Lucas ("Lucas

---

[1] Based on the record, Plaintiff was an inmate housed at Wasco State Prison at the time he filed his complaint in this action. (ECF No. 1.) On February 16, 2021, Plaintiff filed a notice of change of address with the court indicating that he was at that time incarcerated at Avenal State Prison and providing the Court with his new address.  The Court performed

3

Decl.") ¶ 4 & Ex. A.)  On January 7, 2022, Defendant Alla Liberstein served a notice of taking deposition of Plaintiff via videoconference to occur on January 24, 2022, at 10:00 a.m.  (ECF No. 36-2, Declaration of Jemma Saunders ("Saunders Decl.") ¶ 7 & Ex. A.)  On January 11, 2022, Defendant Tulare County Sheriff's Department  served a notice of joinder in Dr. Liberstein's notice of taking Plaintiff's deposition.  (Lucas Decl. ¶ 6 & Ex. C.)  Both the notice of taking deposition and notice of joinder were served by mail at Plaintiff's most current mailing address on file with the Court, i.e. Avenal State Prison.  (Lucas Decl. ¶ 6, Exs. B & C; Saunders Decl. ¶ 6, Ex. A.)

On January 24, 2022, Plaintiff failed to appear for his properly noticed deposition.  (Lucas Decl. ¶ 7; Saunders Decl. ¶ 7.)  Consequently, defense counsel went on the record and took an affidavit of Plaintiff's nonappearance.  (Lucas Decl. ¶ 7, Ex. D; Saunders Decl. ¶ 7, Ex. B.)

To date, Plaintiff has not filed a notice of change of address updating his mailing address, nor has he filed any motions requesting modification of the scheduling order.[2]  Defendants also submit that Plaintiff has not been in contact with them since he was paroled from prison.  (Lucas Decl. ¶ 4.)

The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. Yourish v. California Amplifier, 191 F.3d 983, 990–91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket is apparent.  This case has been pending since November 2020 and has stalled due to Plaintiff's failure to comply with the Court's discovery orders or to update his contact information.  Thus, the Court's resources are better spent on other matters than needlessly consumed managing a case with a noncompliant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." Pagtalunan, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely

---

searches both using Plaintiff's name and his prisoner number the California Department of Corrections and Rehabilitation ("CDCR") inmate locator website, which yielded no records. See CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/ (running separate searches for "Jonas B. Foster" and then "BM3407").  Accordingly, this Court takes judicial notice of the fact the Plaintiff is no longer incarcerated. Fed. R. Evid. 201.

[2] As stated above, Plaintiff was clearly aware that he was required to maintain an updated address as he previously filed notices of change of address in this action on December 17, 2020 and December 16, 2021.  (ECF Nos. 10, 17.)

4

respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968).

Attempting a less drastic action, such as issuing an order to show cause, would be futile because Plaintiff has failed to update his address and thus any correspondence sent to him will be returned. In addition, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Further, well over 63 days have passed since mail was returned as undeliverable and Plaintiff has not updated his mailing address or otherwise communicated with the Court. Defendants have been unable to take Plaintiff's deposition and cannot serve any written discovery which prevents them from defending against this action. Moreover, Plaintiff has not filed an opposition to the instant motions. Lastly, delays in prosecution can prejudice the Defendants because it presents a greater likelihood that evidence will be lost, or memories or events will not be recalled easily. Considering these factors and those set forth above, as well as all applicable case law, the undersigned recommends Defendant's motions to dismiss be granted and that this action be dismissed, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rules 110 and 183(b). In sum, Plaintiff has been paroled and has not notified the Court or Defendants of his new address. Plaintiff thus appears to have abandoned the litigation. Accordingly, dismissal without prejudice is appropriate and Defendants' motions to dismiss should be granted. Consequently, Defendant Tulare County Sheriff's Department's motion for summary judgment should be denied as rendered moot.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss the action be granted; and
2. Defendant Tulare County Sheriff's Department motion for summary judgment be denied as rendered moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 14, 2022**

UNITED STATES MAGISTRATE JUDGE